IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE LAVENDER FONUA, | No. C 09-497 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| FIRST ALLIED FUNDING, *et al.*, | |
| Defendants. | |

On March 27, 2009, the Court held a hearing on defendants' motion to dismiss the complaint. Although plaintiff did not file an opposition to the motion, plaintiff appeared at the hearing. As explained below, the Court GRANTS defendants' motion to dismiss the complaint, and GRANTS plaintiff leave to amend.

**BACKGROUND**

On October 22, 2008, plaintiff Charlotte Fonua filed a complaint in state court against numerous defendants, alleging federal and state law claims related to the foreclosure of the property at 2765 Garden Street, Oakland, California 94601. The complaint alleges that on December 6, 2006, plaintiff executed an adjustable rate mortgage promising to pay defendant First Allied Funding the sum of $496,000. Compl. ¶ 9. The complaint alleges that none of the defendants "explained the workings of the rate, how it is computed nor its inherent volatility." *Id*. ¶ 11. The complaint also alleges that defendants charged and obtained improper fees for the placement of her loan as "sub-prime" when she qualified for a prime rate mortgage which would have generated less in fees and interest. *Id*. ¶ 12. The complaint is silent as to whether plaintiff became delinquent in her mortgage payments. However, on

or about July 3, 2008, the property was sold at a trustee sale. *Id*. ¶ 22.

Plaintiff seeks damages and to set aside the foreclosure, and alleges claims under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and state law. The served defendants timely removed the action to this Court. Defendants Mortgage Electronic Registration Systems, Inc.; Reconstruct Company, N.A.; and The Bank of New York as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-21 filed a joint motion to dismiss the complaint.[1] Plaintiff has not filed an opposition to the motion to dismiss.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

---

[1] It appears from the docket that the remaining non-Doe defendant, First Allied Funding, has not been served with the complaint.

2

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.  Truth in Lending Act ("TILA")

#### A.  Rescission

Defendants contend that plaintiff's claim for rescission under TILA has been mooted by the foreclosure sale of the property. Defendants are correct. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."); *Meyer*, 342 F.3d at 902; *Hallas v. Ameriquest Mortgage Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) (foreclosure sale terminated right of rescission under TILA). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's claim for rescission under TILA without leave to amend.

#### B.  Damages

Defendants also contend that the TILA claim for damages is untimely because such claims must be brought within one year of the violation. *See* 15 U.S.C. § 1640(e) (TILA); *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make disclosures required by TILA occurs on day loan documents signed). Here, plaintiff's lawsuit was filed on October 22, 2008, over one year after plaintiff signed the loan documents, and thus would appear to be untimely. The Ninth Circuit has held, however, that equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986).

3

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's claim for damages under TILA. Plaintiff may amend this claim if she can truthfully allege circumstances that would equitably toll the statute of limitations. Plaintiff should allege when she believes the TILA violation occurred. In addition, if plaintiff amends the TILA claim for damages, plaintiff must allege which provision of TILA defendants violated, and how defendants violated TILA. Plaintiff is further instructed that loan servicers are not liable under TILA unless the loan servicer owned the loan obligation at some point: "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f). Further, with regard to any defendants who are assignees of plaintiff's loan, TILA provides that "[a]ny person who purchases or is otherwise assigned a mortgage ... shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage ...." 15 U.S.C. § 1641(d)(1). A debtor's right to pursue a TILA claim against an assignee is limited, however, by a "prerequisite[ ]," which states that

> [e]xcept as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter ... which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary.

15 U.S.C. § 1641(a). This provision has been interpreted as meaning that a TILA claim may be asserted against an assignee only for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents." *Taylor v. Quality Hyundai, Inc*., 150 F.3d 689, 694 (7th Cir.1998). If plaintiff amends the TILA claim against any assignee defendants, plaintiff must explain how the TILA violation committed by the loan originators is apparent on the face of the assigned documents.

## II.     Real Estate Settlement Procedures Act ("RESPA")

Plaintiff alleges that defendants violated RESPA in two ways. First, plaintiff alleges that defendants "placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread

4

fees and sums in excess of what would have been lawfully earned" in violation of 12 U.S.C. § 2607.[2] Claims under Section 2607 are governed by a one year statute of limitations. 12 U.S.C. § 2614. Here, the allegedly illegal fees were imposed when plaintiff signed the loan documents on December 6, 2006, and thus plaintiff's challenge to the yield spread fees is untimely. As with the TILA claim, the Court GRANTS defendants' motion to dismiss this claim, and GRANTS plaintiff leave to amend if plaintiff can truthfully allege circumstances under which this claim would be equitably tolled. If plaintiff chooses to amend this claim, plaintiff must also allege that a broker was involved in the transaction. *See Bjustram v. Trust One Mortgage Corp.*, 322 F.2d 1201, 1204 n.2 (9th Cir. 2003) ("A yield spread premium (YSP) is a payment made by a lender to a mortgage broker in exchange for that broker's delivering a mortgage ready for closing that is at an interest rate above the par value loan being offered by the lender.").

The complaint also alleges that defendants violated Section 2605(b)[3] of RESPA "in that the servicing contract or duties thereunder were transferred or hypothecated without the required notice." Compl. ¶ 34. Claims under this section are governed by a three year statute of limitations, and thus this claim is timely. 12 U.S.C. § 2614. Section 2605(b) provides that "[e]ach servicer of any federally related mortgage shall notify the borrower in writing of any assignment, sale or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b). Defendants contend that plaintiff has failed to allege any actual harm as a result of this alleged violation. In an individual case such as this one, a plaintiff may recover any actual damages as a result of the failure to provide the required notice, as well as "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance

---

[2] Although the complaint does not cite 12 U.S.C. § 2607, that section of RESPA prohibits kickbacks and unearned fees, and cases challenging yield spread fees under RESPA have analyzed such claims under § 2607. *See, e.g.*, *Shuetz v. Banc One Morg. Corp.*, 292 F.3d 1004, 1005-06 (9th Cir. 2002).

[3] The complaint alleges that defendants violated 26 U.S.C. § 2605(b). The Court assumes that this is a typographical error, and that plaintiff intended to allege a violation of 12 U.S.C. § 2605(b).
Defendants seek judicial notice of a document titled "Loan Servicing Transfer Disclosure" signed by plaintiff and dated December 7, 2006, as proof that defendants complied with Section 2605(a). That section requires "[e]ach person who makes a federally related mortgage loan . . .to disclose to each person who applies for any such loan, at the time of application for the loan whether the servicing of any such loan may be assigned, sold, or transferred to any other person at any time while such loan is outstanding." 12 U.S.C. § 2605(a). However, the complaint does not allege a violation of Section 2605(a), and thus defendants' argument is irrelevant.

5

with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1). Here, the complaint does not allege that plaintiff was actually harmed by defendants' alleged failure to comply with Section 2605(b), nor does the complaint allege that defendants have a pattern or practice of noncompliance. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's claim under 12 U.S.C. § 2605(b) with leave to amend. If plaintiff chooses to amend this claim, plaintiff must be able to allege that she was actually harmed by the violation, and/or that defendants have a pattern or practice of noncompliance.

### III.    Home Ownership and Equity Protection Act ("HOEPA")

The Home Ownership and Equity Protection Act of 1994 ("HOEPA") augmented TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages. *See* 15 U.S.C. § 1602(aa), 1639. Claims under HOEPA are governed by TILA's one year statute of limitations. 15 U.S.C. § 1640(e). For the reasons stated above in Section I, plaintiff's claim under HOEPA is untimely and therefore dismissed with leave to amend. If plaintiff amends this claim, plaintiff must allege why the claim is timely, as well as facts showing that the loan is subject to HOEPA. *See* 15 U.S.C. § 1602(aa); 12 C.F.R. § 226.32(a)(i), (ii).

### IV.    Fair Debt Collection Practices Act ("FDCPA")

Plaintiff alleges that defendants violated the FDCPA because they are all "debt collectors" under the Act, she requested validation of the debt on more than one occasion, and defendants did not respond to her demands. Compl. ¶¶ 44-46. The complaint does not explain how any defendant violated the FDCPA.

Defendants move to dismiss this claim on the grounds that they are not "debt collectors" within the meaning of the FDCPA, and that foreclosing on a trust deed is not covered by the FDCPA. The FDCPA defines "debt collector" as one who collects consumer debts owed to another. 15 U.S.C. § 1692(a)(6) (A). To the extent defendants were attempting to collect their own debts, they are not "debt collectors" within the meaning of the Act. *See Hulse v. Ocwen Federal Bank*, 195 F. Supp. 2d 1188, 1202-03 (D. Or. 2002); *Tina v. Countrywide Home Loans, Inc.*, No. 08-CV-1233 JM, 2008 WL

4790906, at *7 (S.D. Cal. Oct. 30, 2008).

The Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend. If plaintiff amends this claim, plaintiff shall allege how each defendant violated the FDCPA, and shall specify whether the alleged violations occurred prior to the foreclosure process, or if the alleged violations took place after the foreclosure was initiated.

**V.     State law claims**

Plaintiff has also alleged eleven state law causes of action. Because it is unclear from the record whether plaintiff intends to pursue this action, the Court will not address these supplemental state claims. However, the Court advises plaintiff that if she amends the complaint, she should carefully review the arguments made in defendants' motion with respect to the state law claims.

**CONCLUSION**

For the reasons stated above, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend. (Docket No. 6). If plaintiff wishes to amend the complaint she must do so by **April 10, 2009**.

**IT IS SO ORDERED.**

Dated: March 27, 2009

SUSAN ILLSTON
United States District Judge

7